FINANCE & GUARANTY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16668.   Promulgated May 29, 1930.

*T. B. Benson, Esq.*, for the petitioner.
*P. M. Clark, Esq.*, and *C. P. Holmes, Esq.*, for the respondent.

1314

### OPINION.

Love: The sole issue in this proceeding is whether or not the consolidated return for the year 1920 may properly be made as that of a business having an inventory and this turns upon the business relations existing between petitioner and the Morcott Co. Because of the unusual record we desire to first discuss the basis upon which the findings have been made. The only testimony presented was that of F. R. V. Williams, who was president of the Finance Co. during the taxable period involved and was one of the three organizing trustees of the Trust. Mr. Williams was not a trustee during 1920.

The business of the Trust was directed in New York by Charles W. Hodell, one of the trustees and a director of the petitioner. The two other trustees were in Baltimore and conferences regarding

the affairs of the Trust were held there in the office of Williams, who, although not a trustee, attended these conferences as president of the petitioner, which was the owner of the Trust. He was familiar with its books of account and the general method of its operations and had discussed relations between the Trust and the Morcott Co. with officials of the latter while in New York at various times.

The respondent objected to the testimony of Williams as hearsay, contending that his only knowledge material in this proceeding was obtained from Hodell and possibly a certain employee of the Trust named Hartfield. Hodell and Hartfield are now dead. In 1923 the petitioner sold the Trust, and many of its papers and books of account relative to its relations with the Morcott Co. have been lost.

In our opinion Williams had personal knowledge of the essential factors. These are that the silk was purchased in Japan by the Trust for its own account, and was warehoused in New York in the name of the Trust. Williams testified that the Trust had no capital of its own and that he as president of the petitioner signed the checks in payment for the silk for the account of the Trust. It further appears that, as the silk was released from the warehouse to fill orders secured by the Morcott Co., that company paid the Trust for it. We are of opinion that the silk was in fact owned by the Morcott Co., although the record title was in the Trust. That record title was so held by the Trust in lieu of a mortgage lien simply for convenience and better security for the debt due by the Morcott Co., and that in fact the relation of debtor and creditor existed between the Morcott Co. and the petitioner.

The foregoing conclusion of fact is reached by taking into consideration all the evidence in the case, and particularly the following facts:

1. Petitioner's primary business was that of financing other companies in their business activities.

2. The silk in question was purchased to fill orders theretofore received by the Morcott Co., as well as to fill orders anticipated by that company.

3. The account was carried on the books of petitioner as an account receivable against the Morcott Co.

4. Petitioner at first treated the alleged loss as a bad debt.

In view of the conclusion we have reached, we approve the action of the Commissioner.

*Judgment will be entered for the respondent.*